Filed 10/23/20  P. v. Kern CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C091257 |
| v. | (Super. Ct. No. 19CF06589) |
| WILLIAM HENRY KERN, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant William Henry Kern, Jr., asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Based on our review of the record, we will modify the judgment to dismiss the remaining counts and allegations in the operative pleading consistent with the plea agreement and the People's motion to dismiss in the trial court.  Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

1

I

Defendant was present in the home of a parolee when parole agents conducted a parole search. Because defendant had two outstanding warrants, the agents arrested him and conducted a search incident to his arrest, finding a glass pipe with white powdery residue and .48 grams of methamphetamine.

Defendant pleaded guilty to possession of methamphetamine with a previous conviction for gross vehicular manslaughter. (Health & Saf. Code, § 11377, subd. (a); Pen. Code, § 191.5)[1] Based on the plea, the trial court found defendant in violation of his probation.

The trial court sentenced defendant to the midterm of two years for the possession offense and a concurrent six months for the probation violation. It ordered defendant to pay various fines and fees and awarded him 113 days of presentence credit.

Although dismissal of the remaining counts and allegations was part of the plea agreement, it does not appear from the record that the remaining counts and allegations were dismissed. The record indicates the People moved to dismiss the remaining counts with a *Harvey*[2] waiver and that the trial court acknowledged the motion, but there appears to have been no express dismissal. The minute order does not reflect a dismissal or a *Harvey* waiver.

Defendant requested a certificate of probable cause based on whether a one-year prior prison term enhancement pursuant to section 667.5, subdivision (b) should have been imposed, and the trial court granted the request. But a prior prison term enhancement was not alleged or imposed.

_____

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

2

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Based on our review of the record, we will dismiss the remaining counts and allegations in the operative pleading consistent with the plea agreement and the People's motion to dismiss in the trial court. Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is modified to dismiss the remaining counts and allegations in the operative pleading, consistent with the plea agreement and the People's motion to dismiss in the trial court. The judgment is affirmed as modified.

                         /S/
                    MAURO, J.

We concur:

   /S/
BLEASE, Acting P. J.

   /S/
DUARTE, J.